# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

VICTOR ORTIZ-HERNANDEZ,

    Petitioner,

v.                                                                           No. 21-cv-1210 WJ-JHR
                                                                             No. 17-cr-3420 WJ-JHR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Victor Ortiz-Hernandez's Motion for Extension of Time to File a 28 U.S.C. § 2255 Habeas Corpus Claim (CV Doc. 1; CR 92) (Motion). Also before the Court is his Motion to Appoint Counsel (CV Doc. 4). Petitioner asks the Court to extend the one-year habeas limitation period so that he can challenge his federal drug trafficking convictions. Having reviewed the record, it appears the one-year period had already expired when Petitioner filed the Motion. The Court will therefore deny his request for a prospective extension but allow him to file substantive claims and attempt to establish grounds for tolling.

## BACKGROUND

Petitioner is incarcerated at Sheridan Federal Corrections Institute in Oregon. In 2019, he pled guilty to possession with intent to distribute 500 grams or more of methamphetamine; conspiracy; unlawful use of a communication facility; and reentry of a removed alien. Petitioner entered the plea in two related cases, 17-cr-3420 WJ and 17-cr-3422 WJ. The Court sentenced him to total term of 168 months imprisonment. Judgment was entered in each case on September 13, 2019. Petitioner filed a direct appeal. By a consolidated mandate entered July 30, 2020, the

Tenth Circuit Court of Appeals affirmed the sentence in each case. The docket reflects Petitioner did not seek further review with the United States Supreme Court (USSC).

On November 12, 2021, Petitioner filed the instant Motion. Petitioner believes the one-year habeas limitations period on December 7, 2021, and he seeks an extension of that date based on COVID-19 lockdowns. Petitioner also filed a Motion to Appoint on Counsel (CV Doc. 4), and the case is ready for initial review under Habeas Corpus Rule 4.

## DISCUSSION

### A.  Motion to Appoint Counsel

As an initial matter, Petitioner asks the Court to appoint counsel in this habeas matter to assist in asserting an Eighth Amendment claim for deliberate indifference to health and safety. *See* CV Doc. 4. "Courts are not authorized to appoint counsel" to pursue civil claims; "instead, courts can only 'request' an attorney to take the case" on a *pro bono* basis. *Rachel v. Troutt*, 820 F.3d 390, 397 (10th Cir. 2016). The Court declines to make this extraordinary request, as any Eighth Amendment claims should be raised in the district of confinement (*i.e.,* the District of Oregon). To the extent Petitioner also seeks a discretionary appointment of habeas counsel, the Court denies such request because the claims may be time-barred, and he appears capable of addressing that preliminary issue. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (setting forth factors to consider in the discretionary appointment of habeas counsel). The Motion to Appoint Counsel (CV Doc. 4) will therefore be denied.

### B.  Motion to Extend Habeas Limitation Period

Section 2255 motions must generally be filed within one year after a conviction becomes final. *See* 28 U.S.C. § 2255(f)(1). The limitation period can be extended where:

2

(1)     The petitioner was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States" § 2255(f)(2);

(2)     The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" § 2255(f)(3); or

(3)     The petitioner could not have discovered "the facts supporting the claim … through the exercise of due diligence."   § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).  Said differently, the inmate must provide "specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal" petition.  *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir. 1998).

As noted above, the Tenth Circuit affirmed Petitioner's conviction and sentence on July 30, 2020.  His criminal Judgments became final on October 28, 2020, when the 90-day USSC certiorari period expired on direct appeal.  *See United States v. Anthony,* 25 F.4th 792, 800 (10th Cir. 2022) (for purposes of § 2255, "a judgment becomes final when the defendant's time to file a direct appeal expires").  The federal docket reflects no case activity during the next year, and the limitation period appears to have expired on October 28, 2021.  The Court cannot grant a prospective extension because the Motion was filed on November 12, 2021, after expiration of the limitation period.  *See Freeney v. United States,* 2022 WL 504173, at *1 (N.D. Tex. Feb. 18, 2022) ("[S]ection 2255 does not authorize a prospective extension of the statute of limitations."); *United States v. Nelson*, 2021 WL 3574869, at *1 (S.D. Miss. Aug. 11, 2021) (same); *Morey v. Titus*, 2018

WL 5315248, at *1 (D. Minn. Sept. 19, 2018) (same). Moreover, the Motion is not timely under the prison mailbox rule because it is dated: "This __ day of November, 2021." CV Doc. 1 at 2.

For these reasons, the Court will deny Petitioner's Motion, to the extent it seeks a prospective extension of the expired limitation period. He may still attempt to assert substantive habeas claims and seek retrospective tolling of the one-year period. If Petitioner wishes to pursue such relief, within thirty (30) days of entry of this ruling he must file a § 2255 motion and show-cause why the claims are not time-barred. Petitioner can include his show-cause arguments in the § 2255 motion or file a separate show-cause response addressing timeliness. If Petitioner does not wish to prosecute § 2255 claims at this time, he may simply decline to respond to this Order. The failure to timely comply with the above directives may result in dismissal of this action without further notice.

**IT IS ORDERED** that the Motion to Appoint Counsel (**CV Doc. 4**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Extension of Time to File a 28 U.S.C. § 2255 Habeas Corpus Claim (**CV Doc. 1; CR 92**) is **DENIED**, **in part**, to the extent it seeks a prospective extension of the expired limitation period.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this ruling, Petitioner shall: (1) file a § 2255 motion raising substantive claims; and (2) show-cause in writing why any § 2255 claims are not time-barred. The Clerk's Office shall **MAIL** Petitioner a form § 2255 motion.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE