IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTOR ORTIZ-HERNANDEZ,

    Petitioner,

v.                                                      No. 21-cv-1210 WJ-JHR
                                                       No. 17-cr-3420 WJ-JHR

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court following Petitioner's failure to file a substantive 28 U.S.C. § 2255 claim. Petitioner is incarcerated and proceeding *pro se*. In 2019, he pled guilty to possession with intent to distribute 500 grams or more of methamphetamine; conspiracy; unlawful use of a communication facility; and reentry of a removed alien. Petitioner entered the plea in two related cases, 17-cr-3420 WJ and 17-cr-3422 WJ. The Court sentenced him to total term of 168 months imprisonment. Judgment was entered in each case on September 13, 2019. By a consolidated mandate entered July 30, 2020, the Tenth Circuit affirmed the sentence in each case. Petitioner did not seek further review with the United States Supreme Court (USSC).

Petitioner initiated this case on November 12, 2021 by filing a Motion Seeking Extension of Time to File a Habeas Corpus [Claim Under] 28 U.S.C. § 2255 Due to Covid 19 (CV Doc. 1) (Motion for Extension). Petitioner believes the one-year habeas limitations period expired on December 7, 2021 and seeks an extension of that date based on COVID-19 lockdowns.

By a Memorandum Opinion and Order entered May 17, 2022, the Court reviewed the initial filing pursuant to Habeas Rule 4 and determined any § 2255 claims are time-barred. *See Day v.*

*McDonough*, 547 U.S. 198, 209 (2006) (As part of the initial review process, "district courts are permitted … to consider, *sua sponte*, the timeliness of a … habeas petition").   The Court explained that Petitioner's criminal Judgments became final on October 28, 2020, when the 90-day USSC certiorari period expired on direct appeal.  *See* CV Doc. 6 (Screening Ruling); *United States v. Anthony,* 25 F.4th 792, 800 (10th Cir. 2022) (for purposes of § 2255, "a judgment becomes final when the defendant's time to file a direct appeal expires").   The habeas limitation period expired one year later on October 28, 2021.  *See* 28 U.S.C. § 2255(f).   The Court denied Petitioner's request for an extension, as his motion was filed after expiration of the limitation period.  However, the Court granted leave to file a § 2255 motion raising substantive claims and attempt to show grounds for tolling.   The Screening Ruling set forth the above timeline and the standards for equitable and statutory tolling.   Petitioner was warned that if he fails to timely comply, the Court will dismiss this case without further notice.

      The deadline to file a substantive § 2255 motion was June 16, 2022.   Petitioner did not comply or otherwise respond to the Screening Ruling.   Accordingly, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for "failure to prosecute [and] comply with the … court's orders."  *Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).   To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Rule 11, as the failure to prosecute is not reasonably debatable.  *See DeAtley v. Williams,* 782 Fed. App'x 736, 737 (10th Cir. 2019) (declining to issue a COA after district court dismissed habeas petition under Rule 41).   This does not count as Petitioner's "first" § 2255 action for purposes of the limitations on second/successive habeas claims.  *See* 28 U.S.C. §§ 2244(a); 2255(h).

      **IT IS ORDERED** that this civil habeas case is **DISMISSED without prejudice**; and the

Court will enter a separate judgment closing the civil case.

**SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE